IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |  | |
|---|---|---|---|
| Giles Cadman, | ) | | |
| | ) | | |
| Plaintiff, | ) | CA No: | 2:10-CV-3253-CWH |
| | ) | | |
| v. | ) | | |
| | ) | | |
| Kenneth Schoen, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## COMPLAINT

Giles Cadman, through undersigned counsel, brings this complaint against defendant, Kenneth Schoen, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1333 and 2201.

2. Venue is proper in this district under 28 U.S.C. §1391(a)(1).

### PARTIES

3. Plaintiff, Giles Cadman, is a natural person who is domiciled in Tortola, British Virgin Islands.

4. Upon information and belief, defendant Kenneth Schoen is a natural person who is domiciled in Charleston County, South Carolina.

- 1 -

## BACKGROUND

5.     Cadman incorporates paragraphs 1 through 4 above as if realleged verbatim herein.

6.     Cadman initially purchased twin Yamaha 250 HP Four Stroke outboard motors (the "Motors") for valuable consideration from Sinclair & Salo Marine Import & Export, Inc., an entity based in the British Virgin Islands.

7.     The Motors were subsequently installed on a 25 foot Contender 2005 (the "Boat") owned by Cadman and located in the British Virgin Islands.

8.     In March 2010, Cadman entered into negotiations with Mr. Eduardo Rivas ("Rivas"), a natural person domiciled in New Jersey, for the sale and transfer of the Boat, including the Motors.

9.     Cadman caused the Boat to be delivered to Port Everglades in Broward County, Florida, as directed by Rivas, from the British Virgin Islands for inspection prior to the close of the transaction.

10.    While the Boat and Motors were located in Florida, Defendant's boat broker, Gillman Yachts, inspected and accepted the vessel on Rivas' behalf.

11. As a part of the sale and transfer, Cadman executed and delivered a Warranty of Title, attached as Exhibit 1, to Rivas.

12. As a part of the Warranty of Title, Cadman warranted that the "vessel owned by Seller is free and clear of all liens, taxes, encumbrances, and claims of every kind, nature and description whatsoever." (Exhibit 1, ¶2.)

13. As a part of the Warranty of Title, Cadman warranted that the "personal property contained in and on the Vessel is also free and clear of any liens, encumbrances, claims, and demands whatsoever." (Exhibit 1, ¶3.)

14. Subsequently, the transaction was completed, and Rivas caused the Boat and Motors to be delivered to New Jersey.

15. While in New Jersey, Rivas discovered, through the service and inspection of the Motors, that the engines were reported stolen by Defendant Schoen in Jacksonville, Florida.

16. Schoen has since demanded the return of the Motors.

### FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

17. Plaintiff reincorporates paragraphs 1 through 16 above as if realleged verbatim herein.

18. Pursuant to 28 U.S.C. §2201, et. seq., this Court has the power to declare the rights and legal relations of any interested party seeking such declaration.

19. Cadman, as the warrantor of title to the Motors, has a duty to resolve any issue involving disputes over title and possession.

20. Cadman purchased the Motors for valuable consideration with no notice that the items were stolen.

21. Schoen's demand for the return of the Motors interferes with Cadman's right to transfer possessory title.

22. Pursuant to UCC Section 2-403(1), a person with voidable title has the power to transfer clear title to a subsequent good faith purchaser for value.

23. When goods have been delivered under a transaction of purchase, the purchaser has voidable title even though the delivery was procured through fraud punishable as larcenous under the criminal law.

24. Cadman obtained voidable or clear possessory title pursuant to UCC Section 2-403(1) when he purchased the Motors from Sinclair & Salo Marine Import & Export, Inc. in good faith and with no notice the Motors were stolen.

25. Cadman subsequently delivered clear possessory title to the Motors to Mr. Rivas, a good faith purchaser for value, pursuant to UCC Section 2-403(1).

26. By virtue of the transfer of clear possessory title, Schoen has no right to title, possession, and cannot demand the return of the Motors.

27. Cadman is entitled to a declaratory judgment of his rights, including, without limitation, a declaratory judgment that:

   a. Mr. Cadman purchased the Motors in good faith, for value, with no notice that the Motors were stolen;

   b. Mr. Cadman obtained voidable or clear possessory title through the purchase of the Motors from Sinclair & Salo Marine Import & Export, Inc.;

   c. Mr. Cadman sold the Motors to Mr. Rivas in good faith, for value, with no notice that the Motors were stolen;

   d. Mr. Rivas obtained clear possessory title from Mr. Cadman through the sale of the Motors;

   e. Mr. Rivas has no legal duty to return the Motors to Mr. Schoen; and

   f. Mr. Schoen has no legal claim to title or right to possess the Motors.

WHEREFORE, having fully set forth its Complaint for Declaratory Judgment, Giles Cadman prays that the Court issue its Order and Judgment declaring, without limitation, that:

a. Mr. Cadman purchased the Motors in good faith, for value, with no notice that the Motors were stolen;

b. Mr. Cadman obtained voidable or clear possessory title through the purchase of the Motors from Sinclair & Salo Marine Import & Export, Inc.;

c. Mr. Cadman sold the Motors to Mr. Rivas in good faith, for value, with no notice that the Motors were stolen;

d. Mr. Rivas obtained clear possessory title from Mr. Cadman through the sale of the Motors;

e. Mr. Rivas has no legal duty to return the Motors to Mr. Schoen; and

f. Mr. Schoen has no legal claim to title or right to possess the Motors.

///

///

///

///

        Respectfully submitted,

        */s/ Lindsey W. Cooper Jr.*
        LINDSEY W. COOPER JR. (No. 9099)
        MALLORY A. LOPATA (No. 10866)
        Law Offices of L.W. Cooper Jr., LLC
        36 Broad Street
        Charleston, SC 29401
        Telephone:  843.723.5152
        Facsimile:  843.577.4570

        *Counsel for Giles Cadman*

Dated:  December 22, 2010
Charleston, South Carolina